FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 02, 2019

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHELLIE R., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:18-CV-3031-JTR <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 15. Attorney D. James Tree represents Shellie R. (Plaintiff); Special Assistant United States Attorney Sarah Moum represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 3. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

On November 15, 2013, Plaintiff filed applications for a period of disability, Disability Insurance Benefits, and Supplemental Security Income, alleging disability since January 29, 2011, due to a traumatic brain injury, neck injury and shoulder injury. Tr. 309, 311, 388. Plaintiff's applications were denied initially and upon reconsideration.

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

Administrative Law Judge (ALJ) Gordon W. Griggs held a hearing on July 18, 2016, Tr. 42-76, and issued an unfavorable decision on October 20, 2016, Tr. 18-33. The Appeals Council denied review on December 29, 2017. Tr. 1-5. The ALJ's October 2016 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on February 27, 2018. ECF No. 1, 5.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was born on January 27, 1969, and was 42 years old on the alleged disability onset date, January 29, 2011. Tr. 50, 309. She completed her GED in 1992. Tr. 50, 389. Plaintiff's disability report indicates she stopped working on June 1, 2009, because the company she worked for went out of business. Tr. 388. She wrote she believed her conditions became severe enough to keep her from working on February 12, 2012. Tr. 388.

Plaintiff was injured in a motor vehicle accident on January 29, 2011. Tr. 54, 522, 597. Plaintiff's injuries included "a minor head concussion," three bulging disks in her neck, and a lesion of some kind on the right side of her brain, and she reported she had a severe headache, was not able to think or concentrate, and felt dizzy immediately following the accident. Tr. 54, 597-598. At the administrative hearing, Plaintiff testified she was prescribed Vicodin, received steroid injections, and had surgery for her back and neck problems. Tr. 55-56. Plaintiff indicated the injections and surgery did not help, and she now has a loss of sensation in her hands and face/neck area. Tr. 56-57.

Prior to her May 2015 surgery, Plaintiff was able to stand for five minutes before needing to sit or lie down, could sit for no longer than 10 minutes at a time, and would need to lie down three to four hours during the day. Tr. 59, 61.

Following surgery, she could stand for five minutes, sit for five minutes, and would need to lie down about six hours during the day. Tr. 61.

Plaintiff indicated she additionally has issues with her shoulder, for which she received a steroid injection as well. Tr. 62-63. She testified the injection did not relieve the shoulder pain. Tr. 63, 66-67. Plaintiff further stated she has mental health issues stemming from her brain injury and a lack of sleep. Tr. 63-66. She indicated it results in an inability to think clearly, poor judgment, and word finding difficulty. Tr. 64-66.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards
///

were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that the claimant can perform other jobs present in significant numbers in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On October 20, 2016, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 20.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine (status/post discectomy and fusion), left shoulder degenerative joint disease, headaches, cognitive disorder/traumatic brain injury, affective disorder, anxiety disorder, and substance use disorder. Tr. 21.

///

///

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 21.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined she could perform light exertion level work with the following limitations: she can occasionally crawl and climb ladders, ropes, and scaffolding; she can occasionally reach overhead with the left upper extremity; she is limited to occasional exposure to hazards, such as unprotected heights and moving machines; she is limited to tasks that can be learned in thirty days or less, involving no more than simple work-related decisions and few workplace changes; and she is limited to occasional and superficial public interaction. Tr. 23.

At step four, the ALJ determined Plaintiff was able to perform her past relevant work as a labeler. Tr. 31.

At step five, in the alternative, the ALJ determined that based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience and RFC, Plaintiff could perform other jobs present in significant numbers in the national economy, including the jobs of touch up screener, laminator, and table worker. Tr. 31-32. The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from January 29, 2011, through the date of the ALJ's decision, October 20, 2016. Tr. 32-33.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred in this case (1) in evaluating the medical opinion evidence; and (2) in rejecting Plaintiff's symptom testimony for reasons that are not specific, clear and convincing. ECF No. 14 at 1.

# DISCUSSION

**A.     Plaintiff's Symptom Testimony**

Plaintiff challenges the ALJ's finding that Plaintiff was not entirely credible. ECF No. 14 at 13-20.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 24.

The ALJ first determined that Plaintiff's treatment records, clinical studies, and examination findings were inconsistent with her alleged degree of physical impairment. Tr. 24. The ALJ also found Plaintiff's treatment records were inconsistent with the alleged severity of her psychological impairments. Tr. 25.

A lack of supporting objective medical evidence is a factor which may be considered in evaluating an individual's credibility, provided it is not the sole factor. *Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991) (Once a claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject the claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain.); *Robbins v. Soc. Sec. Admin.*, 466 F3d 880, 883 (9th Cir. 2006) (An ALJ may not

make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence.").

Plaintiff testified she was only able to sit or stand for five to 10 minutes at a time, would need to lie down several hours during the day because of her back and neck pain, and experienced shoulder pain. Tr. 59, 61-63. Plaintiff further stated she had mental health issues that prevented her from being able to think clearly and caused poor judgment and word finding problems. Tr. 63-66.

The evidence of record indicates that immediately following the motor vehicle accident of January 2011, Plaintiff displayed a non-tender neck, with normal range of motion in her extremities and normal motor functioning, Tr. 24, 522, and when examined since January 2011, Plaintiff has repeatedly displayed a non-tender neck, with full range of motion and no motor or sensory deficits, Tr. 24, 640, 698-746, 788-791, 832-836. She has additionally displayed normal gait and balance, Tr. 629-635, 667-673, 827, 851, 987, 998, has had normal strength in her extremities, Tr. 683, 687, 689, 693, 988, 998, has had normal range of motion in her shoulders, Tr. 697, 855, 877, 921, and denied having fatigue, headaches and motor or sensory loss or weakness, Tr. 682, 713, 945, 952, 966, 970, 986, 991, 997. Tr. 24.

With respect to her mental health, Plaintiff was deemed to have a head contusion or a minor concussion following the motor vehicle accident of January 2011. Tr. 25, 523, 599. However, a February 2011 CT brain scan was unremarkable, Tr. 532, and while a February 2011 brain MRI revealed a nonspecific, single, abnormal flair signal, Tr. 569, the evidence of record shows that Plaintiff has consistently displayed normal mood and affect, Tr. 581, 634, 640, 669, 703, 709, 739, 742, 744, 832; crisp speech and directed thought process, Tr. 627, 634, 640, 643, 669, 672, 674, 984; normal memory, concentration, and attention, Tr. 581, 988, 999; and grossly normal cognition, Tr. 984. Tr. 25. She
///

has additionally denied anxiety, depression, memory loss or emotional problems. Tr. 25, 580, 682, 738, 902.

Although the record reflects some symptoms consistent with imaging and certain complaints of Plaintiff, the objective medical evidence of record demonstrates Plaintiff was not as physically or mentally limited as she has alleged in this case. As concluded by the ALJ, the variability in her presentation and occasional normal presentation contrasts with her allegations of completely disabling symptoms.

The ALJ next noted inconsistencies within the record that detracted from Plaintiff's reliability regarding her impairments. Tr. 24-25.

In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). When a claimant fails to be a reliable historian, "this lack of candor carries over" to other portions of her testimony. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Contrary to Plaintiff's testimony that her surgery was unsuccessful and made her condition worse, Tr. 56-57, the record reflects that following May 2015 surgery, Plaintiff's cervical spine showed satisfactory alignment and position, with a lack of disc bulges or spinal stenosis, Tr. 856-858, 878, her spinal cord was unremarkable, Tr. 878, and she had normal range of motion in her cervical spine, Tr. 881. Tr. 24. Plaintiff also reported most of her symptoms had improved for the most part. Tr. 24, 912. Furthermore, inconsistent with her testimony that the May 2015 surgery resulted in increased numbness in her extremities, Tr. 56-58, Plaintiff denied a loss of sensation in December 2015, Tr. 983, and thereafter continued to deny numbness and tingling, Tr. 991, 994. Tr. 25.

The ALJ properly found the foregoing inconsistencies detracted from Plaintiff's reliability regarding her impairments.

The ALJ further mentioned indications of malingering or symptom exaggeration by Plaintiff. Tr. 25.

An ALJ's decision to discredit a claimant's statements may be supported by a claimant's tendency to exaggerate. *Tonapetyan*, 242 F.3d at 1148; *see also Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003) (An ALJ's finding of malingering is sufficient to support an adverse credibility determination under Ninth Circuit jurisprudence).

In December 2015, Plaintiff initially displayed unremarkable posture when examined by Wing C. Chau, M.D. Tr. 983-984. However, Dr. Chau noted Plaintiff then began to display significant dip in her left shoulder and protruding neck posture. Tr. 984. Dr. Chau reported Plaintiff's examination was "not very consistent" and that Plaintiff exhibited positive Waddell's signs,[1] possibly indicative of symptom exaggeration. Tr. 25, 984.

The ALJ appropriately considered Plaintiff's symptom exaggeration in discounting her subjective complaints.

The ALJ also held that Plaintiff's reported activities since January 2011 contradicted the alleged severity of her impairments. Tr. 25.

It is well-established that the nature of daily activities may be considered when evaluating credibility. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

The ALJ noted, contrary to Plaintiff's complaints of debilitating pain, Plaintiff reported in August 2012 that she had recently gone white-water river rafting in Utah and Idaho. Tr. 25, 667, 713. The ALJ further indicated Plaintiff testified, contrary to her alleged difficulty with sitting or static positioning, she had traveled to Nebraska in 2014 via airplane and prolonged driving. Tr. 25, 69.

---

[1]Waddell's signs are used by physicians to detect nonorganic sources, such as psychological conditions or malingering, for back pain. *Reinertson v. Barnhart*, 127 Fed. App'x 285, 289 (9th Cir. 2005).

It was proper for the ALJ to find these reported activities were inconsistent with Plaintiff's allegations of totally disabling symptoms and thus detracted from her overall credibility. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where [a claimant's daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.").

Finally, the ALJ determined the reliability of Plaintiff's symptoms was limited by her drug seeking behavior and lack of compliance with treatment recommendations. Tr. 25-27. The ALJ specifically held that Plaintiff's positive drug tests, drug seeking behavior and inconsistent statements concerning her substance use detracted from the reliability of her symptom reporting and indicated that some of her symptoms and impairments were exaggerated for the purpose of receiving pain medication. Tr. 27.

An ALJ may properly consider evidence of a claimant's substance use in assessing credibility. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (ALJ's finding that claimant was not a reliable historian regarding drug and alcohol usage supports negative credibility determination); *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (conflicting or inconsistent testimony concerning alcohol or drug use can contribute to an adverse credibility finding); *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001) (ALJ properly considered drug-seeking behavior).

The ALJ dedicated a significant portion of his decision to documenting Plaintiff's lengthy history of drug-seeking behavior, noncompliance with medical advice (advised not to use Vicodin), and inconsistent statements concerning her substance abuse. Tr. 25-27. It is undisputed there is a theme throughout the record of Plaintiff's drug seeking behavior: going to emergency rooms and different clinics, alleging pain, and seeking Vicodin or other narcotics. *See* Tr. 48. The ALJ

///

accurately recounted this behavior by Plaintiff in finding her less than fully credible in this case.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon *de novo* review. 42 U.S.C. § 405(g). After reviewing the record, the Court finds that the ALJ provided clear and convincing reasons, which are fully supported by the record, for finding Plaintiff's symptom allegations were not entirely credible in this case. The ALJ did not err in this regard.

**B.     Medical Opinion Testimony**

Plaintiff also contends the ALJ erred by failing to provide legally sufficient reasons for rejecting the medical opinions of Anna Madej, M.D., and Rox C. Burkett, M.D. ECF No. 14 at 9-13.

In a disability proceeding, the courts distinguish among the opinions of three types of acceptable medical sources: treating physicians, physicians who examine but do not treat the claimant (examining physicians) and those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). A treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a nonexamining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester*, 81 F.3d at 830. In weighing the medical opinion evidence of record, the ALJ must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Moreover, the ALJ is

required to set forth the reasoning behind his or her decisions in a way that allows for meaningful review. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (finding a clear statement of the agency's reasoning is necessary because the Court can affirm the ALJ's decision to deny benefits only on the grounds invoked by the ALJ). "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014).

### 1. Anna Madej, M.D.

Dr. Madej completed a Physical Functional Evaluation form report on June 3, 2016. Tr. 1026-1030. Dr. Madej indicated that Plaintiff's neck pain, left shoulder pain and chronic pain syndrome were all markedly severe impairments and that Plaintiff was severely limited (unable to meet the demands of sedentary work). Tr. 1027-1028.

The ALJ gave minimal weight to Dr. Madej's report, finding Dr. Madej's opinion of such significant limitation was not supported by Plaintiff's prior visits with Dr. Madej, the weight of the objective medical evidence of record, and Plaintiff's activities since the alleged onset date. Tr. 28-29.

As determined by the ALJ, the form report of Dr. Madej was inconsistent with Dr. Madej's prior treatment records. Tr. 28. During prior visits, Plaintiff displayed no significant physical functioning impairment. Tr. 952 (denied joint pain or stiffness, joint swelling, muscle cramps, muscle stiffness, muscle weakness and gout); 966 (denied fatigue and weakness); 970 (denied fatigue and weakness). Furthermore, as concluded by the ALJ, the record reflects Dr. Madej's opinion is not supported by the weight of the record evidence. Tr. 28-29. As discussed in Section A, above, Plaintiff has repeatedly displayed a non-tender neck, with full range of motion and no motor or sensory deficits, Tr. 640, 698-746, 788-791, 832-836. She has additionally displayed normal gait and balance, Tr. 629-635, 667-

673, 827, 851, 987, 998, has had normal strength in her extremities, Tr. 683, 687, 689, 693, 988, 998, has had normal range of motion in her shoulders, Tr. 697, 855, 877, 921, and denied having fatigue, headaches and motor or sensory loss or weakness, Tr. 682, 713, 945, 952, 966, 970, 986, 991, 997.  Finally, as also discussed in Section A, above, Plaintiff's activities during the relevant time period, such as traveling and white water rafting, appear inconsistent with Dr. Madej's opinion that Plaintiff was unable to perform even sedentary work.

The Court finds the ALJ's analysis with respect to Dr. Madej's June 2016 Physical Functional Evaluation form is supported.  The ALJ's interpretation was based on substantial evidence, and he supported his findings with specific and legitimate rationale.

### 2. Rox C. Burkett, M.D.

On July 29, 2016, Dr. Burkett wrote a letter to Plaintiff's attorney regarding a review of Plaintiff's case file.  Tr. 1032-1034.  Dr. Burkett reported a review of the record showed that Plaintiff had an abnormal nerve conduction test of the left arm, an abnormal brain MRI, and only started taking opiates for her pain after her motor vehicle accident.  Tr. 1032.  Dr. Burkett believed there was very little likelihood that Plaintiff could sustain 40 hours of substantial gainful employment per week.  Tr. 1033.  Dr. Burkett opined Plaintiff's combination of impairments equaled listing 1.02 or 12.02 and her headaches perhaps equaled listing 11.03.  Tr. 1034.

The ALJ accorded "minimal weight" to Dr. Burkett's letter opinions, finding the opinions unsupported, vague and conclusory and inconsistent with the weight of the record evidence.  Tr. 29.  The ALJ additionally noted Dr. Burkett's findings appeared to be based on an inaccurate assessment of the record, given confirmed factual errors within the letter.  Tr. 29.

Beginning with the inaccuracies in the letter, Dr. Burkett noted Plaintiff had an abnormal nerve conduction test of the left arm, Tr. 1032; however, the record

reflects Plaintiff actually had a normal electrodiagnostic study of her left arm, Tr. 605, 674. In addition, Dr. Burkett reported that Plaintiff had an abnormal brain MRI, Tr. 1032, but Plaintiff's brain imaging reports show no specific "abnormalities," Tr. 532, 562. Finally, while Dr. Burkett wrote that Plaintiff did not start taking opiates until after her motor vehicle accident, Tr. 1032, the record shows Plaintiff was prescribed Vicodin on occasions prior to her accident, Tr. 800-801, 813. As determined by the ALJ, Dr. Burkett's opinion was based on an inaccurate assessment of the record. *Chaurdhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (an ALJ may reject a medical source opinion when it is predicated in part on erroneous beliefs).

The Court additionally agrees with the ALJ's finding that Dr. Burkett's opinion is unsupported and conclusory. Tr. 29. Dr. Burkett's letter does not explain the criteria of the listings, nor does it discuss how Plaintiff's specific limitations, validly documented by clinical findings and/or objective signs, meet or equal a particular listing. *Tonapetyan*, 242 F.3d at 1149 (an ALJ need not accept a medical source's opinion that is conclusory and brief and unsupported by clinical findings).

Finally, as determined by the ALJ, Dr. Burkett's opinion that Plaintiff's impairments prevented her from performing substantial gainful work was inconsistent with the weight of the objective medical evidence of record. Tr. 29. As discussed in Section A, above, Plaintiff has repeatedly displayed a non-tender neck, with full range of motion and no motor or sensory deficits, Tr. 640, 698-746, 788-791, 832-836. She has additionally displayed normal gait and balance, Tr. 629-635, 667-673, 827, 851, 987, 998, has had normal strength in her extremities, Tr. 683, 687, 689, 693, 988, 998, has had normal range of motion in her shoulders, Tr. 697, 855, 877, 921, and denied having fatigue, headaches and motor or sensory loss or weakness, Tr. 682, 713, 945, 952, 966, 970, 986, 991, 997. Plaintiff has consistently displayed normal mood and affect, Tr. 581, 634, 640, 669, 703, 709,

739, 742, 744, 832; crisp speech and directed thought process, Tr. 627, 634, 640, 643, 669, 672, 674, 984; normal memory, concentration, and attention, Tr. 581, 988, 999; and grossly normal cognition, Tr. 984, and has additionally denied anxiety, depression, memory loss or emotional problems, Tr. 580, 682, 738, 902. The objective medical evidence is not consistent with Dr. Burkett's extreme limitation findings.

The Court finds the ALJ provided specific and legitimate evidence, supported by substantial weight, for according minimal weight to the opinions of Dr. Burkett.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly, **IT IS ORDERED**:

1. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED January 2, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE